APPELLANT PRO SE
Aaron Israel
Carlisle, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 46S03-0706-CV-253

AARON ISRAEL,

*Appellant (Plaintiff below)*,

v.

INDIANA DEPARTMENT OF CORRECTION,

*Appellee (Defendant below)*.

Appeal from the LaPorte Superior Court, No. 46D03-0410-SC-1351
The Honorable Paul J. Baldoni, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 46A03-0509-CV-421

**June 26, 2007**

**Sullivan, Justice.**

While an inmate at an Indiana Department of Correction ("DOC") facility, Aaron Israel, also known as Aaron Isby, stabbed Officer Douglas Darby in the neck with a knife. In a 1990 prison disciplinary proceeding, three years of disciplinary segregation were imposed and, relevant to this case, Israel was ordered to pay $8,363.85 in restitution for Officer Darby's hospital, doctor, and ambulance bills. On November 20, 1996, a check in the amount of $2,800, a result

of a class action lawsuit settlement, was deposited into Israel's inmate trust account. On November 26, 1996, the DOC withdrew $2,800.17 from Israel's trust account for restitution purposes.

Israel responded by filing a small claims action against the DOC in the Small Claims Division of the LaPorte Superior Court. His argument was that the DOC's withdrawal of funds from his trust account violated the terms of a written agreement he had with a prison counselor that purported to limit the amount the DOC could withdraw from his account. The small claims court decided the case against him.

Israel appealed. The DOC sought dismissal of the appeal on grounds that the small claims court did not have jurisdiction to review a disciplinary decision against Israel, citing this Court's recent pronouncement in Blanck v. Indiana Department of Correction that "[f]or a quarter-century, our Court has held that DOC inmates have no common law, statutory, or federal constitutional right to review in state court DOC disciplinary decisions." 829 N.E.2d 505, 507 (Ind. 2005). The Court of Appeals rejected the DOC's jurisdictional argument, but decided the merits in the DOC's favor. Israel v. Indiana Dep't of Corr., 854 N.E.2d 1220 (Ind. Ct. App. 2006) (mem.).

We grant Israel's petition for transfer and hold that the trial court should have dismissed Israel's lawsuit.

At issue here is the DOC's enforcement of its disciplinary decision that Israel pay restitution for hospital, doctor, and ambulance costs incurred by Officer Darby after Israel stabbed him in the neck with a knife. Restitution here was a prison disciplinary sanction. It was "agency action related to an offender within the jurisdiction of the department of correction" and, as such, not subject to judicial review. Blanck, 829 N.E.2d at 510 (quoting Ind. Code § 4-21.5-2-5(6)). In addition, any arrangement the DOC may have made with Israel to specify how the sanction would be met would also have been "agency action" not subject to judicial review.

This case should have been dismissed for lack of subject matter jurisdiction.

2

Shepard, C.J., concurs and Rucker, J., concurs with separate opinion.  Boehm, J., dissents with separate opinion in which Dickson, J., concurs.

**Rucker, Justice, concurring.**

In my view <u>Blanck v. Ind. Dep't of Corr.</u>, 829 N.E.2d 505 (Ind. 2005), was wrongly decided. Indeed I joined Justice Boehm's concurring in result opinion for that reason. But <u>Blanck</u>, and the authority on which it rests, is now settled law, namely: the enforcement of prison disciplinary sanctions are not subject to judicial review. <u>Id.</u> at 510-11. I therefore concur in the majority opinion in this case.

**Boehm, J., dissenting.**

Israel was ordered to pay restitution to a prison guard whom he injured. He claims he entered into a contract with the state providing for the maximum amount to be taken from his prison account to satisfy his obligation. He later received a check for $2,800 as his share of a damage award in a class action. That amount was applied by prison authorities to his restitution obligation. Israel claims that (1) restitution is not an allowable sanction and (2) the seizure of his check breached the contract. The majority holds that the seizure of the settlement check was restitution as a result of a disciplinary sanction and is therefore not subject to judicial review. Thus, the majority concludes that Israel's claim should have been dismissed for lack of subject matter jurisdiction. I respectfully dissent.

Indiana Code section 11-11-5-3(5) (2004) provides that the Indiana Department of Corrections "may impose . . . as a disciplinary action . . . Restitution . . . ." There appears to be little merit to Israel's contention that restitution is unavailable as a form of prison discipline. The issue, however, is not the merits of Israel's claim, but whether it is within the subject matter jurisdiction of the courts.

In Blanck v. Indiana Department of Corrections, this Court held that "inmates have no common law, statutory, or federal constitutional right to review in state court DOC disciplinary decisions." 829 N.E.2d 505, 507 (Ind. 2005). That decision was based in part on Indiana Code section 4-21.5-2-5(6) (2004), which excludes from judicial review "agency action related to an offender within the jurisdiction of the department of correction." Blanck alleged violation of his rights under a statute requiring periodic review of his placement in solitary confinement. Blanck, 829 N.E.2d at 508. The trial court dismissed the claim for failure to state a claim. Id. at 507. A three justice majority affirmed the trial court's dismissal of Blanck's complaint but held that dismissal should have been based on lack of subject matter jurisdiction grounds rather than for failure to state a claim. Id. at 511-12. Justice Rucker and I agreed with the majority that no private cause of action was created by the statutory provisions Blanck cited. However, the dissent argued that if there were a private right of action under those statutes, it was within the subject matter jurisdiction of a court of general jurisdiction. Id. at 512 (Boehm, J., dissenting).

The majority today expands its view of the sweep of section 5(6) to eliminate court jurisdiction of any claim tangentially related to prisoner discipline. This is contrary to precedent and, I submit, cannot be correct.

Seven years before Blanck, in Ratliff v. Cohn, 693 N.E.2d 530, 530 (Ind. 1998), this Court addressed a juvenile's action alleging that her placement in an adult prison by the Department of Corrections was unconstitutional. Ratliff claimed that inattention to her serious medical needs violated the Eighth Amendment to the Federal Constitution and that she was denied conditions of reasonable care and safety in violation of her due process rights. We held that both claims withstood 12(b)(6) dismissal. We also held these claims were within the subject matter jurisdiction of the courts. Id. at 547. Specifically, we said:

> There is nothing in [Indiana Code section 4-21.5-2-5(6)] to support the Commissioner's broad statement that courts lack the power of judicial review over alleged violations of an inmate's right to medical treatment under the Eighth Amendment and an inmate's constitutionally protected interests in conditions of reasonable care and safety under the Fourteenth Amendment. The grounds urged by the Commissioner in support of his challenge to the trial court's jurisdiction are insufficient to undermine the Marion Superior Court's general subject matter jurisdiction.

> We find no lack of subject-matter jurisdiction. The trial court's dismissal cannot be affirmed upon such a claim.

Id. at 548 (internal citation omitted).

Israel's claim of illegal discipline and breach of contract may have no merit. But I agree with the Court of Appeals that these claims are within the jurisdiction of the courts. The Court of Appeals concluded that Israel

> does not ask us to review the disciplinary decision per se, but rather he asks us to determine whether the IDOC had the statutory authority to make the decision it did—to order restitution—and if it did, whether the IDOC breached a contractual agreement secondary to but separate to that disciplinary decision. To the extent that Israel's claim adheres to these reviewable inquiries and does not exceed the subject matter jurisdiction of this Court, we address his case.

Israel v. Indiana Dep't of Corr., No. 46A03-0509-CV-421, slip op. at 6 (Ind. Ct. App. September 26, 2006). Israel claims that the DOC's withdrawal of funds from his trust account violated the terms of a written agreement he had with the DOC. There is no doubt that a common law breach of contract claim is within the jurisdiction of Indiana state courts. If the statute identifying per-

missible forms of discipline creates a cause of action, that too is within the jurisdiction of the courts. The majority reads Indiana Code section 4-21.5-2-5(6) to remove from judicial review any claim that relates to discipline, however tenuously. So interpreted, the statute violates both the Indiana and Federal Constitutions. The Open Courts Clause of the Indiana Constitution states that "[a]ll courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law." Ind. Const. art. 1, § 12. The Clause prevents the legislature from arbitrarily or unreasonably denying access to the courts to assert an existing statutory or common law cause of action. Martin v. Richey, 711 N.E.2d 1273, 1283 (Ind. 1999). The majority's reading of the statute results in a statute that contravenes the Open Courts Clause. Furthermore, under the Equal Protection Clause of the Federal Constitution, if a statute infringes upon a "fundamental right," such as the right of access to courts, the classification is subject to strict scrutiny analysis. Alston v. DeBruyn, 13 F.3d 1036, 1041 (7th Cir. 1994) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)). It must be narrowly tailored to effectuate a compelling state interest. Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 235 (1995). Even if the State's interest in avoiding mass inmate litigation over DOC disciplinary actions is compelling, the majority's reading of the statute insulates even illegal discipline from judicial review and denies access to the courts to assert conventional claims such as Israel's breach of contract. If read this broadly, the statute is not narrowly tailored to vindicate the state's interest. I would read section 4-21.5-2-5(6) to restrict inmates from challenging the DOC's decision to choose from among permissible actions under the disciplinary statutes. The Frivolous Claims Act is sufficient to address the state's interest in eliminating frivolous litigation of other claims. Unlike Blanck, Israel has alleged rights of action, and the court has general jurisdiction to review them, just as it did the constitutional claims advanced by Ratliff.

The majority's holding today extends <u>Blanck</u>.  Even if related to discipline, a breach of contract claim is subject to judicial review and within the subject matter jurisdiction of state courts.  I do not suggest there is merit to Israel's claims.  They may be subject to dismissal for failure to state a claim.  They are, however, within the jurisdiction of the courts.

Dickson, J., concurs.